UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EDGAR JESUS SANTILLAN PADILLA and KARLA SANTILLAN,<br><br>             Plaintiffs,<br><br>   v.<br><br>SEARS, ROEBUCK & CO., et al.,<br><br>             Defendants. | Case No.: 5:12-CV-00653 EJD<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**<br><br>**[Re: Docket No. 24]** |

Presently before the Court is Plaintiffs Edgar Jesus Santillan Padilla and Karla Santillan's ("Plaintiffs") Motion for Leave to File an Amended Complaint. For the reasons set forth below, Plaintiffs' Motion will be GRANTED.

**I.    Background**

This action arises out of a work-related accident that occurred on September 26, 2009, when Plaintiff Padilla sustained serious injuries to multiple fingers while operating a saw. On February 16, 2011, Plaintiffs filed a complaint with Santa Clara County Superior Court against fictitious defendants Black Company and John Does 1–100 asserting claims of general negligence, product liability, and loss of consortium. On June 28, 2011, Plaintiffs amended the complaint to

1

name Defendant Sears, Roebuck & Co. ("Sears") as the retailer that sold the saw that injured Plaintiff Padilla as well as to add a claim for Breach of Warranty. On December 12, 2011, Plaintiffs added One Word Technologies ("OWT") and Ryobi Technologies Inc. ("Ryobi") as defendants after determining that they were manufacturers of the saw.

On February 9, 2012, this case was removed pursuant to 28 U.S.C. § 1441(b) to this Court by Defendants. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a), based on diversity of citizenship. On September 10, 2012 Plaintiffs filed the present Motion seeking to name additional parties as defendants as well as to assert an additional claim.

**II.     Legal Standard**

Leave to amend is generally granted with liberality. Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires"); Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir.1990). Leave need not be granted, however, where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay. Foman v. Davis, 371 U.S. 178, 182 (1962); Janicki Logging Co. v. Mateer, 42 F.3d 561, 566 (9th Cir. 1994). Not all of the Rule 15 considerations are created equal; "it is the consideration of prejudice to the opposing party that carries the greatest weight." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). "The party opposing the amendment bears the burden of showing prejudice." In re Fritz Cos. Sec. Litig., 282 F. Supp.2d 1105, 1109 (N.D. Cal. Aug. 27, 2003) (citing DCD Programs Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987)). Whether an amendment will relate back to the date of the original pleading is governed by requirements set forth in Rule 15(c).

### III. Discussion

Plaintiffs seek to add parties as defendants and assert an additional claim. The additional parties are Techtronic Industries Co., Ltd. ("TTI") and Techtronic Industries North America, Inc. ("TTI-NA"). Plaintiffs contend that TTI is the parent company of both Defendant Ryobi and Defendant OWT and that TTI-NA is a wholly-owned subsidiary of TTI and also the parent company of OWT and Ryobi. Plaintiffs also seek to add an additional claim for punitive damages based on the theory that manufacturers and distributers were grossly negligent in failing to protect against the extreme degree of risk posed by the allegedly defective product at issue.

#### A. Whether the Amendments Are Proper Under Rule 15(a)

Rule 15(a)(2) states that "a party may amend its pleading only with the opposing party's written consent or the court's leave." The Rule goes on to provide that "[t]he court should freely give leave when justice so requires." As noted, leave to amend a complaint is typically granted where amending the complaint would not result in undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay. Foman, 371 U.S. at 182.

The Court finds that amending the complaint to add the two additional defendants is proper under Rule 15(a) and the common law standards described above. First, Defendants have not met their burden of showing undue prejudice. Defendants contend that allowing the amendment would result in additional costs as well as prolong the duration of this litigation. While there may indeed be some additional costs that arise from the amendment, such prejudice is not "undue." Furthermore, discovery in this case is ongoing and will continue to be open for several more months. This will give sufficient time for the Defendants as well as the additional parties to prepare their case.

Second, there is no indication that Plaintiffs are attempting to add the additional parties in bad faith. They are not seeking to unreasonably prolong the litigation or to destroy diversity by adding new parties.

Third, the Court finds that amending the complaint may not be futile. Defendant argues futility for two reasons: That the Court lacks personal jurisdiction over at least one of the additional parties, TTI, because it is based in Hong Kong; and that Plaintiffs' additional claim for punitive damages must be dismissed for failure to state a claim for which relief could be granted. A proposed amendment is futile "only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988). That is not the case here. When deciding potential 12(b) motions to dismiss, the Court could find that there is personal jurisdiction over the Hong Kong-based TTI and that the punitive damages claim is sufficiently pled to withstand a 12(b)(6) motion.

And fourth, there is no indication that allowing the amendment will result in undue delay. As noted, there are several months left for discovery in this case; the claims against the additional parties involve the same factual issues that are present in the existing claims.

### B. Whether the Amended Pleading Will Relate Back

According to Rule 15(c)(1)(B) if an amendment asserts a claim or defense that "arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading" then that amendment will relate back to the date of the original pleading. Fed. R. Civ. P. 15(c)(1)(B). Where an amendment changes or adds a party as a defendant, that amendment will relate back to the date of the original pleading if the new party "(i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C). In the latter case, proper service of process pursuant to Rule 4(m) must still be followed. Id.

In accordance with Rule 15(c)(1)(B), The amendment that asserts the additional claim of punitive damages will relate back because this additional claim arose out of the same conduct, transaction, or occurrence set out in the original pleading.

4
Case No.: 5:-12-CV-00653 EJD
ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

Regarding the amendment seeking to add new parties as defendants, the Court also finds that this amendment relates back to the date of the original complaint. There does not appear to be a dispute that the additional parties received notice that they will be added as defendants and will not be prejudiced in defending on the merits; thus the first requirement of Rule 15(c)(1)(C) is satisfied. As for the second requirement, the Court agrees with Plaintiffs' contention that ITT and ITT-NA knew or should have known that they were the proper and intended defendants in a litigation such as the one before the Court. Defendants' do not appear to dispute that these parties were the manufacturers of the saw that allegedly injured Plaintiff. Further, as Defendants point out, the additional parties were aware of previous lawsuits brought against them in American courts involving similar products and circumstances.

Therefore, the amendments to add the additional claim as well as additional parties will relate back to the date of the original complaint.

### IV.     Conclusion and Order

Based on the foregoing, Plaintiff's Motion for Leave to File an Amended Complaint is GRANTED. Plaintiffs shall file the Amended Complaint as a separate docket entry on PACER/ECF.

**IT IS SO ORDERED**

Dated: November 13, 2012

_____
EDWARD J. DAVILA
United States District Judge

5

Case No.: 5:-12-CV-00653 EJD
ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT